

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV–13–520

| | |
|---|---|
| MORRELL WILLIAMS | **Opinion Delivered** October 30, 2013 |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, EIGHTH DIVISION [NO. 60JV-11-1573] |
| V. | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES, AND MINOR CHILDREN | HONORABLE WILEY A. BRANTON, JR., JUDGE |
| APPELLEES | REVERSED AND REMANDED |

## PHILLIP T. WHITEAKER, Judge

Morrell Williams appeals from a Pulaski County Circuit Court order terminating his parental rights to four children, M.W.1, K.W., M.W.2, and T.W. His sole challenge to the termination is that there was insufficient evidence of any ground to support the termination. We agree and reverse.

In August 2011, the Arkansas Department of Human Services (DHS) exercised an emergency hold on the children after the children's mother, Tamela Thomas, dropped the children off at her mother's home and left. No prior arrangements had been made for the maternal grandmother to keep the children. Ms. Thomas's mother was in very poor health and could not properly care for the children. After not hearing from Ms. Thomas for over a week, her mother contacted the Little Rock Police Department to take the children so she

could go to the hospital. When DHS arrived, the children were dirty and hungry. The children were adjudicated dependent-neglected in October 2011, upon a finding of abandonment by Ms. Thomas, as well as educational and environmental neglect of the children. Mr. Williams was in jail when the children were taken into custody and at the time of the adjudication hearing.

In October 2012, DHS filed a petition to terminate Thomas's and Williams's parental rights. The petition listed only one statutory ground for termination—that the children had been adjudicated by the court to be dependent neglected, had continued to be out of the custody of the parent for twelve months, and, despite a meaningful effort by the department to rehabilitate the parent and correct the conditions that caused removal, those conditions had not been remedied by the parent. Ark. Code Ann. § 9-27-341(b)(3)(B)(i) (Supp. 2011).

After the termination hearing, the trial court held that the ground for termination pled in the petition had been proved as to Williams.[1] In so finding, the court took judicial notice of an adjudication order entered in a previous dependency-neglect case involving the family. The termination order stated:

> The Court is satisfied from the evidence that Mr. Williams has been an abusive person and the court is not satisfied that he has received adequate counseling and therapy due to the choices he made and not due to any fault of DHS. Mr. Williams was in jail when the case started and was released in December 2011. Subsequently, Mr. Williams moved to Chicago thus making himself unavailable to receive services which could be provided by the department. Mr. Williams flat out refused to submit to psychological evaluation for a period of time which further delayed his receiving necessary and appropriate services. If Mr. Williams had followed court orders or followed recommendations from his psychological evaluation, he would have been

---

[1]Ms. Thomas's parental rights were not terminated by the court at this hearing.

2

SLIP OPINION

in counseling. The Court is not impressed with on-line counseling. Paper certificates alone don't mean much except to presumably show that Mr. Williams went on line and got the certificates. Even when Mr. Williams came to court and was ordered to submit to psychological evaluation, he refused to do so, and the resulting delay is clearly his fault. *Mr. Williams has failed to remedy the conditions that caused removal of his children. While Mr. Williams was not the custodial parent at the time of removal due to his being in jail, he is not a fit and appropriate parent and the children would be at significant risk of harm if placed with Mr. Williams.*

(Emphasis added.)

We review termination-of-parental-rights cases de novo. *Hune v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 543. Grounds for termination of parental rights must be proved by clear and convincing evidence, which is that degree of proof that will produce in the finder of fact a firm conviction of the allegation sought to be established. *Hughes v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 526. The appellate inquiry is whether the trial court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *J.T. v. Ark. Dep't of Human Servs.*, 329 Ark. 243, 248, 947 S.W.2d 761, 763 (1997). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* In resolving the clearly erroneous question, we give due regard to the opportunity of the trial court to judge the credibility of witnesses. *Camarillo-Cox v. Ark. Dep't of Human Servs.*, 360 Ark. 340, 352, 201 S.W.3d 391, 399 (2005). Termination of parental rights is an extreme remedy and in derogation of a parent's natural rights; however, parental rights will not be enforced to the detriment or destruction of the health and well-being of the child. *Meriweather v. Ark. Dep't of Health & Human Servs.*, 98 Ark. App. 328, 331, 255 S.W.3d 505, 507 (2007).

Williams argues that there was insufficient evidence to support the only ground for termination found by the court. He is correct. The trial court held that termination was appropriate because Williams had not remedied the conditions that caused the removal of the children. However, Williams's conduct did not cause the removal—Thomas's abandonment of the children did. Arkansas Code Annotated section 9-27-341(b)(3)(B)(i)(*a*) provides as a ground for termination:

> [t]hat a juvenile has been adjudicated by the court to be dependent-neglected and has continued to be out of the custody of the parent for twelve (12) months and, despite a meaningful effort by the department to rehabilitate the parent and correct the conditions that caused removal, those conditions have not been remedied by the parent.

This particular ground requires that (1) the child be adjudicated dependent-neglected, (2) the child be out of the custody of the parent for twelve months, and (3) the parent failed to remedy the conditions that caused the child's removal. *See K.C. v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 353, 374 S.W.3d 884. Because Williams's actions did not cause the removal of the children, this provision is not applicable to him and cannot provide a ground for termination. *See Jackson v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 411, ___ S.W.3d ___.

DHS argues that this provision is applicable. It asserts that, while Williams had not caused the removal in this particular action, he had been the cause of removal in a previous dependency-neglect case involving all but one of the children, and the period of time the children were removed in that previous action should be charged against him in this case. When stripped down to its bare essence, DHS's argument basically asks this court to treat this

SLIP OPINION

case as a continuation of the previous dependency-neglect case involving Williams. However, that matter was successfully resolved and ended with reunification of the children with their parents. Once that case was closed, the children were no longer deemed to be dependent-neglected. *See Young v. Ark. Dep't of Human Servs.*, 2012 Ark. 334. This case is not a continuation of the prior dependency proceeding, and we decline to interpret this provision of the statute as broadly as DHS asserts.

In *Jones v. Arkansas Department of Human Services*, 2011 Ark. App. 632, we stated that "the courts may not alter or disregard the language of a legislatively enacted ground for termination," and "[i]f the ground, as worded, does not fit the facts of the case, it should not be used." The cause for removal and the time-period elements of section 9-27-341(b)(3)(B)(i)(*a*) would apply only to the facts in this particular action, not the facts as they relate to previously concluded proceedings. While we recognize that the trial court is free to consider the parent's actions in previous dependency proceedings in determining the appropriateness of termination, those earlier proceedings cannot be used as the sole ground for termination under this section, when the previous proceedings ended in reunification. To hold otherwise would be to alter or disregard the language of a legislatively enacted ground for termination.

Reversed and remanded.

GLADWIN, C.J., and GLOVER, J., agree.

*Deborah R. Sallings*, Arkansas Public Defender Commission, for appellant.

*Tabitha B. McNulty*, County Legal Operations, for appellee Ark. Dep't of Human Servs.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor children.

5