Cite as 2022 Ark. App. 29

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV–21–400

|  |  |
|---|---|
|  | **Opinion Delivered** January 26, 2022 |
| STEVEN FOLSOM<br><br>                APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF<br>HUMAN SERVICES AND MINOR<br>CHILDREN<br><br>                APPELLEES | APPEAL FROM THE PULASKI<br>COUNTY CIRCUIT COURT,<br>TENTH DIVISION<br>[NO. 60JV-20-124]<br><br>HONORABLE SHANICE JOHNSON,<br>JUDGE<br><br>AFFIRMED |

## BRANDON J. HARRISON, Chief Judge

Steven Folsom appeals the circuit court's termination of his parental rights to his two daughters, HF and GF. (The circuit court also terminated the parental rights of the children's mother, Brittany Folsom, but she is not a party to this appeal.) He argues that the circuit court erred in finding that termination was in his children's best interest. We affirm the circuit court's decision.

In January 2020, the Arkansas Department of Human Services (DHS) obtained custody of twenty-month-old HF and eight-month-old GF after Steven was arrested for shoplifting and both parents tested positive for methamphetamine. After adjudicating the children dependent-neglected due to neglect and parental unfitness, the circuit court set the goal of the case as reunification of the children with a fit parent with a concurrent goal of guardianship with a fit and willing relative.

The circuit court reviewed the case in June 2020 and found that both parents had made minimal progress and were still unfit. Another review in October 2020 demonstrated that the parents remained unfit. In February 2021, the circuit court changed the permanency goal to authorizing a plan for adoption. DHS petitioned to terminate parental rights, and the circuit court convened a hearing on 5 April 2021.

Lakisha Tatum, the DHS family-service worker assigned to the case, testified that the children had been in foster care for fourteen months. She explained that Steven had been partially compliant but had not completed parenting classes or a second inpatient drug treatment as recommended. Tatum said that the children faced potential harm if placed back with their parents due to a lack of stable housing and ongoing substance abuse. She explained that DHS still had concerns that Steven was using illicit substances and would be unable to appropriately parent the children.

Steven testified that it was not in his children's best interest for his rights to be terminated because he has a special bond with them. He said that he had always been the one up at night with them when they needed to be changed or fed and that it would "devastate" the children to be completely separated from him. Steven's attorney echoed this sentiment during closing statements and requested more time "as it relates to best interest."

From the bench, the circuit court found that DHS had proved statutory grounds for termination and that termination was in the children's best interest. The court specifically found that it was not in the children's best interest to continue "to wait on the parents to do the things that are necessary in order to have the children safely returned to them." The

2

court also found that Steven had not adequately addressed his substance abuse and was not credible in his testimony on that issue. The circuit court entered a written order terminating parental rights on 25 May 2021, and Steven filed a timely notice of appeal from this order.

Termination-of-parental-rights cases are reviewed de novo. *Tillman v. Ark. Dep't of Hum. Servs.*, 2015 Ark. App. 119. The appellate inquiry is whether the circuit court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Williams v. Ark. Dep't of Hum. Servs.*, 2013 Ark. App. 622. In resolving the clearly erroneous question, we give due regard to the opportunity of the circuit court to judge the credibility of witnesses. *Camarillo-Cox v. Ark. Dep't of Hum. Servs.*, 360 Ark. 340, 201 S.W.3d 391 (2005).

On appeal, Steven challenges the sufficiency of the evidence supporting the court's best-interest determination. Specifically, he argues that DHS failed to show that termination was in the children's best interest because he does not pose a danger to his children, he has a bond with them, and DHS failed to diligently pursue relative placement during the case despite it being a concurrent goal of the case. He asserts that this failure by DHS combined with his progress during the case and his bond with his children warranted the circuit court's granting his request for more time. Steven also notes that the case had been open for only fifteen months at the time of the termination hearing, and there was no evidence that it would be detrimental to give him additional time to work toward reunification and give DHS additional time to perform its due diligence with respect to relative placement.

DHS first responds that termination of parental rights will not be reversed on the basis of a parent's bond with the child. *See Holdcraft v. Ark. Dep't of Hum. Servs.*, 2019 Ark. App. 151, 573 S.W.3d 555. And while Steven might not have posed a danger to his children at visitation or at the time of the termination hearing, there was evidence that the children would face potential harm if returned to his care because he had continued to test positive for illegal drugs and had not obtained stable housing.

DHS also contends that Steven's argument regarding relative placement is not preserved for review because he failed to raise this argument to the circuit court. *See Cole v. Ark. Dep't of Hum. Servs.*, 2020 Ark. App. 481, 611 S.W.3d 218 (holding that mother failed to preserve for appellate review her argument that circuit court erred in not considering alternatives for permanency less restrictive than termination of her parental rights, where mother did not make argument at termination hearing). The attorney ad litem agrees that Steven's argument on relative placement is not preserved, and the ad litem further argues that the children's need for permanency outweighs Steven's desire for more time to work toward stability. *See McElwee v. Ark. Dep't of Hum. Servs.*, 2016 Ark. App. 214, 489 S.W.3d 704 (holding that a child's need for permanency overrides a parent's request for additional time to improve circumstances).

The circuit court's best-interest finding reflects the primary purpose of the juvenile code, which is to provide permanency and stability in a child's life when the child cannot be returned to the family home within a reasonable amount of time as viewed from the child's perspective. Ark. Code Ann. § 9-27-341(a)(3) (Supp. 2021). We hold that Steven's relative-placement argument is not preserved and that considering the facts of this case and

4

the children's need for permanency, the circuit court did not err in its best-interest determination.

Affirmed.

KLAPPENBACH and HIXSON, JJ., agree.

*Tabitha McNulty*, Arkansas Commission for Parent Counsel, for appellant.

*Ellen K. Howard*, Ark. Dep't of Human Services, Office of Chief Counsel, for appellee.

*Casey D. Copeland*, attorney ad litem for minor children.